# United States District Court

### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ALLERGAN, INC.** | § | |
| | § | |
| **v.** | § | **Cause No. 6:11-cv-441** |
| | § | **Consolidated Case** |
| **SANDOZ INC., ET AL.** | § | |

## ORDER DENYING MOTIONS FOR REDACTION

Before the Court is Defendants Lupin Limited and Lupin Pharmaceuticals, Inc.'s (collectively Lupin) Motion for Redaction of Trial Transcript (Doc. No. 281) and Defendant Hi-Tech Pharmacal, Co., Inc.'s Motion for Redaction of Trial Transcript (Doc. No. 282). Having considered the parties' arguments, the undisputed facts, and the applicable law, the Court **DENIES** the motions (Doc. Nos. 281, 282).

Lupin request redaction regarding testimony of two of its facts witnesses and Allergan's expert Dr. Robert Noecker. Lupin argues that this testimony concerns highly sensitive aspects of Lupin's ANDA filing with the FDA, including its bioequivalence waiver, portions of Lupin Limited's proposed package insert for its ANDA product, the specific ingredients and amounts thereof contained in Lupin Limited's ANDA product, and stability data for Lupin Limited's ANDA product. Lupin's motion cites to no case law in support of its request.

Hi-Tech requests redaction on identical grounds. Hi-Tech seeks redaction of testimony from its witness Dr. Kamel Egbaria and Allergan's expert Dr. Noecker. Hi-Tech contends that this testimony addresses its highly sensitive ANDA filing with the FDA, including its bioequivalence waiver, portions of Hi-Tech's proposed package insert for its ANDA product, the specific ingredients and amounts thereof contained in Hi-Tech's ANDA product, and stability

data for Hi-Tech's ANDA product. Hi-Tech's mo tion cites no law in support of its redaction request.

"It is clear that courts of this country r ecognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 587 (1978). "It is   uncontested, however, that th e right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been d enied where court files m ight have becom e a vehicle f or improper purposes." *Id.* "Thus, the common law m erely establishes a presum ption of public access to judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Although the common law right of access to judici al records is not absolute, 'the district court's discretion to seal the record of judicial p roceedings is to be exercised charily.'" *Id.* (quoting *Fed. Savs. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)).

"In exercising its discretion to seal judicial records, the court must balance the pub lic's common law right of access against the   interest favoring n ondisclosure." *Id.* Ultimately, "the decision as to access is one bes t left to the soun d discretion of the trial c ourt, a discretion to be exercised in light of all the relevant fact s and circumstances of the particular cas e." *Nixon*, 435 U.S. at 599.

In this ca se, the Court f inds that th e public's interest in a ccess to th e judicial re cords outweighs nondisclosure. Throughout trial the parties referred to Defendants' ANDA filings. A t no time did Defendants m ove to seal the courtroo m to protect its confid ential information. In light of the num ber of sealed filings in this  case, the Court finds that  Defendants were clearly aware of any confidential inform ation. But De fendants discussed thei r ANDA's in open court without hesitation. The Court does not now find it prudent to redact those records.

Accordingly, Lupin's and Hi-Tech's m otions for redaction of the trial transc ript (Doc.

Nos. 281, 282) are **DENIED**.

**It is SO ORDERED**.

**SIGNED this 9th day of September, 2013.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE