# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| ALLERGAN, INC. | § | |
| | § | |
| v. | § | Case No. 6:11-cv-441 |
| | § | Consolidated Case |
| SANDOZ INC., ET AL. | § | |

## ORDER DENYING MOTIONS FOR REDACTION

Before the Court is Defendant Hi-Tech Pharmacal, Co., Inc.'s Motion for Reconsideration of Court's Order Denying Motion for Redaction of Transcripts of Trial Proceedings (Doc. No. 292). Having considered the parties' arguments and the applicable law, the Court **DENIES** the motion.

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *Tex. Instruments, Inc. v. Hyundai Elecs Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim*, 212 F.R.D. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* at 331. District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

Hi-Tech's grounds for its reconsideration motion are: (1) the Court ruled on the underlying motion "before Hi-Tech had a chance to reply to Allergan's opposition brief"; and (2)

the Court failed to account for the Federal Circuit's decision in the *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013).

As to the first point, Hi-Tech is reminded that the Court "need not wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f). When Allergan responded to Hi-Tech's motion on September 5, 2013 (Doc. No. 289), Hi-Tech was effectively on notice that the Court may issue a decision at any time and that any reply briefs should be filed as soon as possible or risk being not considered. Thus, Hi-Tech's first point is meritless.

As to the second point, the Federal Circuit issued its decision in *Apple* on August 23, 2013, which is well before Hi-Tech filed its motion for redaction on August 19, 2013 (Doc. No. 282). Thus, Hi-Tech had a full opportunity to argue how the *Apple* opinion should bear on this Court's decision.

Furthermore, *Apple* is distinguishable from this case on a number of issues. First, *Apple* involved application of Ninth Circuit law on sealing or unsealing a judicial record. Specifically, *Apple* involved the Ninth Circuit's has exception to the "the presumption of access to judicial records" for documents attached to non-dispositive motions. 727 F.3d at 1222. Under that exception, the movant need only show "good cause" to preserve the secrecy of the documents, rather than the "compelling reasons" standard applicable to dispositive motions. *Id.* at 1221–22.

The Fifth Circuit has no such exception. Instead, the Fifth Circuit instructs that "[a]lthough the common law right of access to judicial records is not absolute, the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (internal quotations omitted). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interest favoring nondisclosure." *Id.* Ultimately, "the decision as to access is

one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

Second, even if this Court applied the Ninth Circuit's rule, the "good cause" standard would not govern. Hi-Tech seeks to redact a trial transcript, not exhibits attached to a non-dispositive motion. When the Federal Circuit ruled in *Apple* that the financial documents in question should have been sealed, the court noted that the information was not presented to the jury and was "not essential to the public's understanding of the jury's damages award." *Apple*, 727 F.3d at 1226. But in this case, the information that Hi-Tech seeks to redact is "central to a decision on the merits." *See id.* at 1228.

Third, the parties in *Apple* were diligent to ensure that they sought every possible remedy to prevent public disclosure of confidential information. *See id.* at 1218–19. They filed timely motions to seal the confidential documents that they wanted to protect, renewed the motions to seal when they were denied in part, took an immediate interlocutory appeal on the issue, and obtained a stay of order unsealing the documents pending the resolution of the issue on appeal. *Id.* That is in stark contrast to the parties here, none of which moved to close the courtroom during the trial proceedings. Hi-Tech tries to minimize the significance of the trial occurring in "open court" by pointing out that only the people covered under the protective order in this case were present at trial (*see* Doc. No. 292 at 3–4). Hi-Tech further argues that that the trial transcript should be redacted because numerous pretrial filings and documents admitted into evidence were under seal (Doc. No. 292 at 4). That argument is untenable. If public access to judicial records

can be implicitly denied in such a furtive manner, there would be no need for rules that require parties to affirmatively seek permission of the court to seal documents.[1]

The Court is not inclined to reconsider its prior ruling. Hi-Tech merely repeats the same arguments previously made. Hi-Tech has not established that the Court committed any "manifest errors of law" in its prior decision. *See Tex. Instruments*, 50 F. Supp. 2d at 621.

Accordingly, Hi-Tech's Motion for Reconsideration of Court's Order Denying Motion for Redaction of Transcripts of Trial Proceedings (Doc. No. 292) is **DENIED**.

**It is SO ORDERED**.

**SIGNED this 14th day of January, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] The parties stipulated to a protective order that requires them to file all "CONFIDENTIAL INFORMATION" under seal (Doc. No. 192). The Court granted the parties the authorization to seal the documents without the need to file motions to seal each time. *See* Local Rule CV-5(a)(7).